UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARISSA CARRASQUILLO : | |
|     Plaintiff : | |
| : | Civil Action No. |
| v. : | |
| : | |
| BENCHMARK SENIOR LIVING, LLC : | |
|     Defendant : | February 9, 2026 |

**PETITION FOR REMOVAL**

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT:

Defendant, Benchmark Senior Living, LLC, respectfully states:

1. On or about, January 9, 2026, an action was commenced against Defendant in the Superior Court for the District of Waterbury, in the State of Connecticut, entitled <u>Marissa Carrasquillo v. Benchmark Senior Living, LLC</u>, bearing Docket No. UWY-CV26-6093080-S ("State Action"). Plaintiff Marissa Carrasquillo ("Plaintiff") filed an Amended Complaint on February 6, 2026 (Docket No. 101.00). The Amended Complaint is substantively identical to the original complaint, differing only in that it bears a docket number. No further proceedings have been had in the State Action.  Copies of all process, pleadings and orders served upon Defendant in said action are annexed hereto as Exhibit A.  Plaintiff's Amended Complaint is annexed hereto as Exhibit B.

2. The above-described action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, diversity jurisdiction.

3. 28 U.S.C. § 1441 authorizes the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."

4. The Complaint alleges that Plaintiff is and was at all times relevant, a resident of Waterbury, Connecticut. Therefore, upon information and belief, Plaintiff is a citizen of Connecticut for the purposes of diversity analysis.

5. Defendant, Benchmark Senior Living, LLC, is a limited liability company formed under the laws of Delaware with a principal place of business in Waltham, Massachusetts. The citizenship of limited liability company is determined by the citizenships of its members. *See Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3 42, 49 (2d Cir. 2012); *Handelsman v. Bedford Village Ltd. Partnership, LLC*, 213 F.3d 48, 51-52 (2d Cir. 2000). Defendant has two members: (1) The Thomas H. Grape 2016 Family Trust; and (2) The Anne E. Grape 2000 Trust. The citizenship of a trust is determined by the citizenship of its trustees. *Raymond Loubier Irrevocable Trust v. Loubier*, 858 F.3d 719, 722 (2d Cir. 2016) (". . . legal proceedings involving such traditional trusts are effectively brought by or against their trustees and, thus, it is the trustees' citizenship, not that of beneficiaries, that matters for purposes of diversity"). The Thomas H. Grape 2016 Family Trust's sole trustee, grantor and beneficiary is Thomas H. Grape, an individual domiciled in the Commonwealth of Massachusetts. The Anne E. Grape 2000 Trust's sole trustee, grantor, and beneficiary is Anne E. Grape, an individual domiciled in the Commonwealth of Massachusetts. Thus, The Thomas H. Grape 2016 Family Trust and The Anne E. Grape 2000 Trust are both citizens of Massachusetts for the purposes of a diversity analysis. *See Loubier*, *supra*. Accordingly, Benchmark Senior Living, LLC is considered a citizen of Massachusetts for the purposes of a diversity analysis. *See Bayerische Landesbank*, *supra*.

6. There is complete diversity of citizenship because the Plaintiff (Connecticut) and the Defendant (Massachusetts) are citizens of different states.

7. There are no other defendants in this case.

8. The amount in controversy in this matter exceeds $75,000. A removing party must establish "that it appears to 'a reasonable probability' that the claim is in excess of the statutory jurisdictional amount," exclusive of interest and costs. *United Food & Com. Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994). "The amount in controversy must thus appear on the face of the complaint or be established by proof. This burden is hardly onerous, however, because the Second Circuit recognizes a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Lannunziata v. Am. Stock Transfer & Tr. Co., LLC*, Civil Action No. 3:20-CV-1865 (CSH), 2021 U.S. Dist. LEXIS 15127, at *11 (D. Conn. Jan. 27, 2021) (internal citations omitted). The allegations of the Complaint demonstrate that this case meets the jurisdictional threshold. Plaintiff seeks back pay damages from the date of her last employment on January 24, 2024, through the date of trial. Plaintiff was a full time employee making $23.00 per hour at the time of separation. If trial were to occur on or about February 2027, her claims for back pay alone could exceed the jurisdictional threshold.

Plaintiff also seeks damages for emotional distress. (Complaint ¶¶ 34, 39, 43) as well as attorney's fees in this action (*See* Complaint, Demand for Relief). These potential sums would further satisfy the jurisdictional threshold, either on their own or in combination with some other element of Plaintiff's claimed damages. Garden variety emotional distress damages in an employment matter can range from $8,000 to $55,000, with a range of $78,000 to $156,000 for "significant claims" and upwards of $156,000 for "egregious" emotional distress claims. *See*

*Johnson v. City of New York*, 16 Civ. 6426 (KAM)(VMS), 2023 U.S. Dist. LEXIS 22582, at *25 (E.D.N.Y. Feb. 8, 2023). Recently, this Court awarded a plaintiff's attorney $87,080 in fees following a plaintiff's verdict in a hostile work environment claim brought under Title VII of the Civil Rights Act of 1964 and the Connecticut Fair Employment Practices Act. *See Miro v. City of Bridgeport*, No. 3:20-cv-346 (VAB), 2024 U.S. Dist. LEXIS 14074, at *12 (D. Conn. Jan. 26, 2024). Accordingly, Defendant respectfully submits that the amount in controversy in this case exceeds $75,000.

9.  For the foregoing reasons, this Court has subject matter jurisdiction over this case as it meets the requirements for diversity jurisdiction.

10. Defendant first received the initial process setting forth the claim for relief upon which this action is based on January 13, 2026, and therefore, this Petition for Removal is filed with this Court within thirty (30) days of such receipt, as computed under Fed. R. Civ. P. 6(a).

11. Defendant submits this Petition for Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pleaded claims upon which relief can be granted.

12. This Petition will be filed promptly with the Superior Court for the Judicial District of Waterbury as required by 28 U.S.C. § 1446(d).

13. By copy of this document and in accordance with the Certificate of Service, Defendant is providing notice to all parties in this action advising of the filing of this Petition for Removal pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendant respectfully requests that the above action, now pending in the Superior Court, State of Connecticut, in the Judicial District of Waterbury, be removed to this Court.

        DEFENDANT,
        BENCHMARK SENIOR LIVING, LLC

By: */s/ James F. Shea*
    James F. Shea (ct16750)
    James.Shea@jacksonlewis.com
    Matthew J. Epstein (ct31760)
    Matthew.Epstein@jacksonlewis.com
    Jackson Lewis P.C.
    90 State House Square, 8th Floor
    Hartford, CT 06103
    P: (860) 522-0404
    F: (860) 247-1330

**CERTIFICATION OF SERVICE**

I hereby certify that on February 9 2026, a copy of foregoing was filed electronically. A copy has been served by electronic mail on the following counsel of record:

James v. Sabatini, Esquire
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Email: jsabatini@sabatinilaw.com


*/s/ James F. Shea*
James F. Shea